IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00168-RLV
(5:10-CR-00032-RLV-8)

| | |
|---|---|
| HECTOR LOPEZ-GUTIERREZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed.

I.   BACKGROUND

Petitioner was charged by the grand jury in this District with one count of conspiracy to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); two counts of being an alien that was illegally present in the United States and in the possession of one or more firearms and ammunition, in violation of 18 U.S.C. § 922(g)(5) (Counts Three and Four); and two counts of possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Five and Six). (5:10-CR-00032, Doc. No. 100: First Superseding Indictment).[1]

Petitioner entered into a plea agreement with the Government and therein agreed to plead

---

[1] A co-defendant was the sole defendant named in Count Two of the indictment.

1

guilty to the drug trafficking conspiracy charged in Count One of his indictment in return for the Government's agreement to dismiss the remaining counts. (Id., Doc. No. 121: Plea Agreement). Petitioner's guilty plea was accepted following a Rule 11 hearing before U.S. Magistrate Judge David S. Cayer after the court found that it was knowing and voluntary. (Id., Doc. No. 123: Acceptance and Entry of Guilty Plea; Doc. No. 235: Tr. of Plea and Rule 11 Hearing).

In Petitioner's presentence report ("PSR"), the probation officer detailed the offense conduct that led to Petitioner's indictment.[2] The evidence in the PSR described a joint task force that began an investigation in March 2010, into a wide-ranging drug trafficking conspiracy that involved the movement of large quantities of methamphetamine between locations in Mexico to places in the Eastern United States which included Atlanta, Georgia, and Hickory, North Carolina within this District. One of the principal leaders of the organization was Tomas Garcia who was residing in Hickory. During the investigation, Garcia was interviewed and stated that he and Petitioner had worked together in the drug conspiracy for a couple of years and Garcia admitted that he was Petitioner's primary source of methamphetamine having provided him somewhere between 15 and 16 pounds of the drug. (Id., Doc. No. 182: PSR ¶¶ 6-24).

The probation officer found that Petitioner was responsible for conspiring to possess with intent to distribute 8.3 kilograms of methamphetamine which resulted in a base offense level of 38 pursuant to § 2D1.1 of the U.S. Sentencing Guidelines Manual ("USSG")(2010). (Id. ¶ 31). A two-level enhancement was applied under USSG § 2D1.1(b)(1) because Petitioner possessed a firearm during the course of the conspiracy which yielded a total offense level of 37 after adjusting for acceptance of responsibility and a Guidelines range of 210 to 262 months'

---

[2] During his sentencing hearing, Petitioner stipulated that the evidence contained in the PSR could serve as the factual basis to support his guilty plea to Count One. (Id., Doc. No. 236: Tr. of Sentencing Hearing at 2-3).

imprisonment based on Petitioner's Level I criminal history category. (Id. ¶ 58). Petitioner objected to the firearm enhancement contending that he should be eligible for a safety valve reduction below the statutory, mandatory minimum term of 10-years in prison because he did not possess a gun during the course of the conspiracy. See USSG § 5C1.2(a). Petitioner also argued that he should receive a reduction in his offense level because he played only a mitigating role in the conspiracy. (Id. at 20).

During his sentencing hearing, the Government presented testimony pertaining to the amount of methamphetamine for which Petitioner was responsible in the conspiracy; Petitioner's active role in the conspiracy; and Petitioner's possession of a firearm during the course of the conspiracy. After hearing from counsel, Petitioner's objections were overruled and his request for a safety valve reduction was denied. In particular, the Court found that the evidence demonstrated that Petitioner possessed two firearms during the conspiracy: a 9mm pistol and a SKS assault rifle. The Court rejected his request for a safety valve reduction based on the gun possession and on the fact that he never provided a statement to the Government regarding the full extent of his involvement in the conspiracy. Finally, Petitioner's argument that he qualified for a reduction in his Guidelines range based on his mitigating role in the conspiracy was rejected because the evidence demonstrated an extensive involvement in the conspiracy over an extended period of time. (Id., Tr. of Sentencing at 47). Petitioner was sentenced to the bottom end of his Guidelines range to a term of 210-months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 221: Judgment).

On appeal, Petitioner's counsel filed an Anders brief contending that there were no meritorious issues for appeal but inquiring whether this Court erred in calculating Petitioner's

Guidelines range and whether Petitioner's sentence was substantively reasonable.[3] Petitioner filed a pro se supplemental brief in which he challenged the validity of his guilty plea. The Court rejected the pro se argument after finding that Petitioner's sworn statements during his Rule 11 hearing demonstrated that his guilty plea was knowing and voluntary. The Court also overruled Petitioner's arguments (1) that the finding that the drugs that were attributable to Petitioner was actual methamphetamine; (2) that the application of the two-level enhancement for possession of a firearm during the course of the drug conspiracy should apply; (3) that Petitioner was not eligible for the safety valve reduction because he could not demonstrate that he did not possess a weapon or that he provided the necessary statement to the Government; (4) that the reduction for a mitigating role in the conspiracy was not applicable; and (5) that it was substantively unreasonable to decline to impose a below-Guidelines sentence. Petitioner's judgment was affirmed in all respects in a per curiam opinion, and he did not petition the Supreme Court for further review. See United States v. Lopez-Gutierrez, 501 F. App'x 263 (4th Cir. 2012) (unpublished).

In this collateral proceeding, Petitioner raises several claims of ineffective assistance of counsel. Petitioner's contentions will be examined below.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

---

[3] Anders v. California, 386 U.S. 738 (1967).

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely

because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

A.  Safety valve reduction/minor participant

Petitioner first argues that his counsel was ineffective because he failed in his effort to obtain a safety valve reduction. (5:13-cv-00168, Doc. No. 1-1: Petitioner's Mem. at 4). In order to qualify for a safety valve reduction below a mandatory minimum sentence, in this case 10-

6

years under 21 U.S.C. § 841(b)(1)(A),[4] a defendant has the burden of demonstrating five elements, two of which are at issue here. See 18 U.S.C. § 3553(f) and USSG § 5C1.2(a). Importantly, the defendant must satisfy all five elements to qualify for the reduction.

Petitioner's counsel argued that Petitioner should receive the benefit of the safety valve reduction but the probation officer disagreed and noted that the evidence showed that Petitioner possessed a firearm during the course of the drug conspiracy. See id. § 3553(f)(2). During sentencing, the Court heard testimony, and found by a preponderance of the evidence, that Petitioner in fact possessed two weapons during the conspiracy: a 9mm pistol and an SKS assault rifle. This alone would disqualify Petitioner from the safety valve reduction, but the Court also found that Petitioner had failed to offer any evidence that he had provided a qualifying statement to the Government that truthfully detailed his full involvement in the conspiracy as required by § 3553(f)(5).

Petitioner's argument here is actually not one of ineffective assistance of counsel as it is plain that his counsel argued for the safety valve reduction, and he challenged the Government's contention that he possessed a firearm during the conspiracy during sentencing and he pushed for a mitigating role reduction. Rather, Petitioner is challenging the evidence to support the denial of the safety valve reduction and counsel's effort to obtain the mitigating role reduction. However, the Fourth Circuit has already ruled that Petitioner was not eligible for the reduction and that he did not qualify for a mitigating role reduction therefore Petitioner's claim here, which is wholly without merit in any event, may not be renewed in this collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th

---

[4] See (5:10-cr-00032, PSR ¶ 57).

Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

Based on the foregoing, Petitioner's argument will be denied.

B.     Below-Guidelines sentence

Petitioner next argues that his counsel was ineffective when he failed "to make the proper argument" for a below-Guidelines sentence. (5:13-cv-00168, Petitioner's Mem. at 6). Petitioner concedes that his counsel argued for a lower sentence but that his counsel was ineffective because this effort fell short. This argument is likewise without merit.

During sentencing, Petitioner's counsel provided extensive detail regarding Petitioner's childhood history in Mexico which included information on his poverty and his decision to begin working at an early age to help provide support for his family, first in a bike shop at the age of 14 and then in the United States as a migrant worker. Counsel noted that Petitioner later married and moved his wife and her three children to North Carolina where he immediately went to work sometimes holding as many as three jobs. Counsel also presented in-court statements from Petitioner's wife which tended to show that he had been a hard worker and a good husband and provider. Petitioner's counsel also emphasized, among other things, his limited criminal history and his abstinence from the use of illicit drugs. (5:10-cr-00032, Tr. of Sentencing Hearing at 47-53). Petitioner's counsel also objected to the quantity and the quality of the methamphetamine that was attributable to him.

The record before the Court demonstrates that Petitioner has failed to show that his counsel was ineffective in arguing for a lower sentence and this argument will therefore be denied.

C. Deportable alien

In this third claim, Petitioner contends that his counsel was ineffective because he did not argue that Petitioner should receive a 6-month reduction in his sentence because of his status as a deportable alien. (5:13-cv-00168, Petitioner's Mem. at 17). While it is true that Petitioner's counsel did not specifically request such a sentence reduction that is of no moment because his counsel made an impassioned argument for leniency, and Petitioner cannot show that but for his attorney's failure to argue for the specific 6-month reduction that his sentence would have been different. In addition, his counsel did emphasize that Petitioner, as a non-citizen of the United States, would suffer more punishment than a U.S. citizen like Garcia that was convicted in the same conspiracy, however this argument was ultimately rejected. (5:10-cr-00032, Tr. of Sentencing Hearing at 49-50).

Petitioner has failed to meet his burden under Strickland and this argument will be overruled.

D. Ineffective trial and appellate counsel

Here, Petitioner raises a number of claims. First, Petitioner contends that his counsel (collectively) should have raised a Sixth Amendment argument that he was denied the right to have a jury decide whether the two-level enhancement for possession of the firearm should apply. In essence, Petitioner argues that the firearm issue should have been pleaded in an indictment. (5:13-cv-00168, Doc. No. 1-2: Attachment Two at 1). "[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." United States v. Grubbs, 585 F.3d 793, 799-80 (4th Cir. 2009) (citing United States v. Watts, 519 U.S. 148, 157 (1997)). During sentencing, this

9

Court expressly found that the preponderance of the evidence proved that Petitioner possessed the firearms during the course of the conspiracy and that the two-level enhancement therefore applied. In sum, Petitioner was not entitled to have this conduct charged in an indictment and this argument will be overruled.

Second, Petitioner contends that his Sixth Amendment right was violated because neither the indictment nor the plea agreement alleged a specific quantity of methamphetamine. This argument is plainly belied by the record as the indictment alleges 500 grams or more of methamphetamine was involved in the drug trafficking conspiracy. And the plea agreement places Petitioner on notice that the Government believed 500 grams or more could be at issue. In fact, the plea agreement took great pains to note the different sentencing ranges that would be applicable based on the drug amount that could ultimately be found by the Court: (1) 500 grams or more involved a sentenced of not less than 10 years nor more than life; (2) at least 50 grams or more but less than 500 grams resulted in a sentence of not less than five years nor more than 40 years' imprisonment; and (3) less than 50 grams carried a sentence of no more than 20 years' imprisonment. (5:13-cr-00032; Plea Agreement ¶ 4). Furthermore, in the plea agreement, Petitioner specifically agreed that he could contest the drug amount at sentencing thus his late challenge regarding drug quantity must fail. (Id. ¶ 7(a)).

Third, Petitioner contends he "did not WAIVE his right to be indicted for a mandatory minimum sentence and any plea to such was in fact illegal and this Court lacks jurisdiction to sentence Petitioner." (5:13-cv-00168, Attachment Two at 2) (Emphasis in original). This argument is denied for the simple reason that the indictment clearly informs Petitioner of the charged conduct and the possible mandatory minimum was explained in his plea agreement and

during his Rule 11 hearing and Petitioner averred that he understood the potential sentence.

Fourth, Petitioner contends that his trial counsel was ineffective because he did not provide him with a copy of his plea agreement in Spanish. This argument is foreclosed by the Fourth Circuit's finding that his plea was knowing and voluntary, that is, Petitioner averred that he understood and agreed with the terms of the plea agreement and that finding is controlling in this collateral proceeding.

Finally, Petitioner challenges both his trial and his appellate counsel's failure to argue for a more lenient sentence on the ground that he had no prior criminal record. Petitioner's statement that he had no prior criminal record is incorrect and this argument will be denied. The PSR notes a conviction for assault on a female (zero points) and a conviction for driving while impaired which earned him one criminal history point and placed him in a Level I criminal history category. (5:10-cr-00168, PSR ¶¶ 43-45).

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** Petitioner's § 2255 motion to vacate is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 15, 2015

Richard L. Voorhees
United States District Judge